JAMES GRIFFIN, SHERIFF, AND EX-OFFICIO ADMINISTRATOR OF THE ESTATE OF SEWALL, APPELLANT, vs. THOMAS ORMAN, APPELLEE.

1. The 3 § of the 5th article of the Constitution, giving power to the Judges of the Circuit Court, *or a majority of them,* to preside in the Supreme Court, and hold the sessions thereof, was temporary and special, and does not apply to the Court as it is at present constituted, so far as to authorize a majority of the Justices to hold a term.

2. The 5th section of the act of January 11, 1851, by necessary implication, re-

quires the action of three Judges in every case, who must all hear the argument, and confer together upon the judgment, although two being a majority, may pronounce the judgment of the Court.

On motion, raising the question whether or not two Justices of the Supreme Court constitute a quorum for the purpose of hearing and deciding causes.

*Baltzell* for the motion.

*Bush* and *Campbell* contra.

THOMPSON, J.:

The motion made in this case raises the question whether two Justices of this Court do or do not constitute a quorum for the purpose of hearing and deciding causes pending therein; and as it is desirable that the opinion of all the Justices should be had upon this point, as a question of general importance, I have consented to hear the argument and express my opinion thereon, although I am disqualified, by reason of having been of counsel for one of the parties in the Court below, from taking any part in the adjudication of the merits of the controversy.

It is not controverted that, though there be no express words in the act of January 11, 1851, entitled "An Act to organize the Supreme Court of the State of Florida," (Pamp. Laws 5th Session, 1850–'51, pp. 121, 122,) which requires the action of three Judges upon every case tried before it, yet that such joint action is rendered absolutely necessary by implication from the terms of the 5th section. That section provides "that whenever, from any cause, any "one or two Justices of the Supreme Court are disqualified "or disabled from hearing and determining any cause "brought before them, it shall be the duty of the Justices of "the said Court to notify the same to any one or two Judges

" of the Circuit Court, as the case may be, and the time
" and place when such causes shall be set for hearing ; and
" it is hereby made the duty of such Circuit Judge or
" Judges, upon receiving such notice, to attend at the time
" and place designated, and he or they shall be and are
" hereby invested with full authority, in conjunction with
" the remaining Justice or Justices of the Supreme Court,
" to hear and determine the causes of which they were no-
" tified as aforesaid."

Nothing can be plainer than this language. If one Jus-
tice is disqualified, one Circuit Judge is to be notified, and
so, if two Justices are disqualified, then the attendance of two
of the Circuit Judges is to be called for, and the Court, thus
constituted, is to act, in the one case with two Justices, and
in the other, with the remaining Justice of the Supreme
Court. In all cases one Justice of the Supreme Court
must be upon the Bench, for there is no provision for the
case where all the Justices of this Court are disqualified.

It being clear that the act of the General Assembly con-
templates the action of three Judges to constitute a Court
for the trial of every cause, if follows that the three Judges
must all be present when the act is done, though it is not
necessary that they should all concur in the judgment to
be pronounced. See 2 East. R., 244; 8 East. R., 319,
327, n. (a) ; 6 John. R., 41.

But it is argued that this requisition, or provision of the
act before referred to, is inconsistent with the 3d section of
the 5th Article of the Constitution, which, it is supposed,
confers all the powers of the Court upon a majority of the
Judges. I have examined the section, and given to the ar-
gument based thereon, the most attentive consideration,
and I am satisfied that the interpretation contended for
cannot be sustained. The section in question is clearly
temporary in its character. It provides that for five years

from the election of the Circuit Court Judges under its authority, and thereafter, until the General Assembly shall otherwise provide, the powers of the Supreme Court shall be vested in and its duties be performed by the Judges of the Circuit Courts, and directs that they, or a majority of them, should hold sessions of the Supreme Court at such times as should be directed by law. It seems to me that it is utterly impossible to render this more plain and intelligible by argument or illustration. The whole section applies to a provisional organization of the Court, and the power to discharge the duties appertaining to the office of Justices, was delegated to the Circuit Judges, or a majority of them, expressly by the title of their offices, and has no reference to the permanent organization which, it was contemplated, would be made at a future period. There was, also, a substantial reason why a majority of the Circuit Judges should be so authorized. The province of the Supreme Court is to correct the errors of the Circuit Courts, sitting as Courts of original jurisdiction in the several Circuits ; and if the authority had been given to the Judges of the Circuit Courts simply, and not to a majority of them, the whole number, by the rules of the common law, would be compelled to act jointly in the execution of the power, although a majority would govern as to their judgments ; and thus the provision would have been brought in direct conflict with the 18th section of the same act, which directs that " no Justice of the Supreme Court shall " sit as Judge, or take part in the Appellate Court, on the " trial or hearing of any cause which shall have been de- " cided by him in the Court below." The design of the Convention, in the provisional constitution of the Court, would have been utterly defeated, but for the clause vesting the power in a majority of the ¡Circuit Court Judges ; there would have been a Supreme Court, but it could not pro-

ceed in any case, for each one, by the 18th section, was disqualified to sit upon and determine the cause he had decided as a Circuit Court Judge, and if he retired, the residue were powerless to act, because the authority was jointly to the whole number. But it is sufficient to say that the 3d section can have no reference to the Court as it is at present organized, by the acts of January 11th and January 23d, 1851. The present organization is under the authority of the 1st and 2d sections of the 5th Article of the Constitution, which merely creates the Court, with the outlines of its jurisdiction, leaving to the General Assembly the power and duty of regulating such jurisdiction, within the limits of the Constitution, and leaving also to that department the power of fixing the number of the Judges. The act of 1851, before referred to, does not, as before remarked, declare that any number less than the whole number of the Justices shall form a quorum, but seems to contemplate a joint action, and such has been the interpretation hitherto put upon it, and acquiesced in until the present time.

No reference was made upon the argument to the act of July 25, 1845, in relation to the Supreme Court, (Thomp. Dig. 51, art. 12,) the 8th section of which provides that three Justices shall be a quorum to transact the business of the Court, and if three do not attend on the first day of the term, the Sheriff shall adjourn the Court, from day to day, for a week, and then if three do not attend, to adjourn it for the term. Some portions of the act of 1845 is undoubtedly repealed by the provisions of the acts of 1851, but this section has been considered as untouched by the later statutes, and has been repeatedly acted upon since, as will be seen from the records of this Court at Tallahassee, Jacksonville, Tampa and at this place. At each point, owing to various unavoidable accidents, the Justices

TERM AT MARIANNA, 1853. 337

of this Court have been prevented from assembling on the day appointed by law for the opening of the term; and but for this section of the act of 1845 the terms would have been lost, and much delay and inconvenience would have resulted, in ordering extra or special terms.

In my opinion, there is but one course to pursue, and that is the one provided for by the act of 1851. The Justices of this Court must notify the fact of the disqualification of one of their number to one of the Circuit Court Judges, and to inform him of the time and place appointed for the hearing of the cause, and that the case be continued until that time.

WRIGHT, C. J., and SEMMES, J., concurred in the views, and adopted the conclusions announced by Justice Thompson.